(96 Misc. Rep. 285)

SMITH v. LISTMAN.

(Supreme Court, Trial Term, Albany County. July 16, 1916.)

1. MUNICIPAL CORPORATIONS ☞705(10)—INJURY FROM AUTOMOBILE—CONTRIBUTORY NEGLIGENCE.

A boy who jumped from the rear end of a cart, where he was riding by permission, looked up the street, saw an automobile, and walked or ran into its side, was negligent.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515, 1517; Dec. Dig. ☞705(10).]

2. MUNICIPAL CORPORATIONS ☞706(3)—INJURIES FROM AUTOMOBILE—FREEDOM FROM CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

In a boy's action for personal injuries, when he walked or ran into an automobile, plaintiff must prove his freedom from contributory negligence by a preponderance of evidence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ☞706(3).]

3. NEW TRIAL ☞70—MOTION TO SET ASIDE VERDICT—DUTY OF COURT.

On motion to set aside a verdict, as against the evidence, the trial court must judicially determine whether the evidence sustains the verdict, and if, after a careful review, it is found that the weight of evidence cannot justify or sustain the verdict, it is the duty of the court to set the verdict aside as unhesitatingly as it would otherwise sustain it.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 142, 143; Dec. Dig. ☞70.]

Action by Herman Smith, an infant, by Herman William Smith, his guardian ad litem, against Herbert E. Listman. On motion to set aside a verdict for plaintiff. Verdict set aside, and new trial granted.

H. J. Diekman, of Albany (Crawford & Cogan and Henry J. Crawford, all of Albany, of counsel), for plaintiff.

Visscher, Whalen & Austin, of Albany (H. Le Roy Austin, of Albany, of counsel), for defendant.

RUDD, J. The question which seems to be uppermost in the consideration of the motion to set aside the verdict, as against the evidence, is that phase of the case which arises under the evidence with reference to the character of proof by the plaintiff as to the boy's freedom from negligence at the time of the accident.

The boy jumped from the rear of a cart, upon which he had been riding by permission of the driver. The cart was proceeding in the street car track northerly on Broadway, and came to a point nearly opposite Bonheim street, which street does not intersect or cross Broadway, but which begins on the westerly range of Broadway and runs westerly from that point. The boy's home being on Bonheim street, he jumped down from the rear of the moving cart, upon which he had been riding, crossed the south-bound street railway track, took three or four steps, and came into collision with the left side of defendant's automobile as it was proceeding southerly on Broadway. The distance from westerly rail to westerly curb is 10.85 feet.

[1] The boy says that he looked up Broadway, saw the automobile, and then walked slowly across the street. Whether he walked

slowly, or went at a gait faster than a walk, or even if he ran, concerning which there seems to be some dispute in the evidence, he saw the automobile coming; and when he walked or ran into the side of the automobile, striking the rear left side and mud guard, he surely contributed to the injury which he sustained by reason of the collision.

We will not consider the alleged negligence of the defendant in driving his car. Whether the driver of an automobile has reason to believe that a person, boy or man, may jump from the rear end of a moving cart and go immediately in front of or alongside of an automobile, is a question which it is not necessary here to determine.

[2] This court has read with great care the testimony on the phase of the case which seems to this court controlling, and that is on the question of freedom from contributory negligence on the part of the boy. This plaintiff must prove such freedom by a preponderance of evidence. The record does not sustain the plaintiff with that degree of proof which is necessary in order that this verdict may be sustained.

There was a question properly to be submitted to the jury in the opinion of the court. The plaintiff's counsel, in the brief here submitted, on the question of defendant's alleged negligence, contends that the automobile driven by the defendant should have gone close to the westerly curb on Broadway, and if it had been so driven "the boy would have had an opportunity to see the automobile after he came out from behind the wagon." But the proof is that the boy did see the automobile coming, when he looked northerly along Broadway toward Troy; in fact he saw it twice—first, when he was on the track, down by the first pole, as he described it (stenographer's minutes, page 124) south of Bonheim street. He saw the automobile "up the road when I looked the first time" (page 125).

The wagon was then driving on the north-bound street railway track, the boy was riding on the tail end of the wagon, with his back to the driver and his feet hanging down over the rear end of the wagon, and he saw the automobile by looking around when the wagon got up to Bonheim street (page 111). He said he looked around and saw the automobile coming; then "I went a little further and got in the middle of the street"—that is, Bonheim street—"and I looked around again, and he was on where the car switches"; that is, the automobile was north of where the boy was, at the switch or cross-over. Then the boy got off the wagon, and thought he had time to cross. He got off the cart at about the middle of Bonheim street, and started from behind the cart, upon which he had been riding, crossing the south-bound track of the street railway, and went into, as above stated, the side of the automobile. It was not, therefore, necessary, so far as the boy's conduct was concerned, that the automobile should be over by the westerly curb on Broadway in order that the boy might see it, because the boy saw it twice, and, seeing it coming, he dropped off of the rear end of the truck and walked or ran into the automobile.

There seems, therefore, certainly to be a failure on the part of the plaintiff to sustain the burden which is upon him to show that the boy's conduct did not contribute in any way to the accident. The jury

passed upon this question, of course; but it did not pass upon it in accordance with the weight of the evidence. They were instructed so to pass.

The plaintiff's counsel is good enough in his brief here submitted to say that the charge made by the court was reasonably clear and explicit and fair. There is no indication of particular bias or prejudice or willfulness on the part of the jury; that is not necessary.

[3] The power given to a trial court to review, under a motion to set aside a verdict as against the evidence, is intended to place upon the trial court a burden of responsibility which it must not shirk. It must judicially determine whether the evidence sustains the verdict. If it does, it must fearlessly and unhesitatingly say so by a denial of the motion; and if, in the opinion of the court, after a careful review of the evidence, it is found that the weight of evidence does not justify or sustain the verdict, it is the duty of the court to set the verdict aside as unhesitatingly as it would otherwise sustain the verdict.

In order that there may be no question or doubt before the appellate court as to what governs in the decision of this motion, the court says that the verdict is contrary to the evidence, in that it is not in accordance with the weight of evidence on the question of the freedom from negligence on the part of the boy contributing to the injury.

The verdict is set aside, and a new trial is granted. An order may be entered accordingly.